IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LUANN DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-3140 |
| ) | |
| BLUE CROSS BLUE SHIELD OF ) | |
| ILLINOIS, A DIVISION OF ) | |
| HEALTH CARE SERVICE ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant's Rule 12(b)(6) Motion to Dismiss (d/e 2). Plaintiff LuAnn Davis filed her verified Complaint for Declaratory Judgment in state court in Sangamon County, Illinois. Notice of Removal (d/e 1), Ex. A., Complaint for Declaratory Relief (Complaint). Defendant removed the matter to this Court, asserting that Plaintiff's cause of action fell within the scope of the Employee Retirement Income Security Act of 1971 (ERISA). See 29 U.S.C. § 1001, et seq. Plaintiff did not object to removal. Defendant then filed the instant Motion to Dismiss, asking the

Court to dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. As set forth below, the Motion to Dismiss is denied.

On a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept the well-pleaded allegations in the Complaint as true and draw all reasonable inferences in Plaintiff's favor. Moranski v. General Motors Corp., 433 F.3d 537, 539 (7th Cir. 2005). Davis' Complaint alleges that she was insured under a group health insurance plan (the Plan) sold by Defendant. Davis further asserts that, under the Plan, Defendant was obligated to pay for medical treatment for Davis' daughter, Charissa, who is a quadriplegic and dependant upon Davis for lifetime care and supervision. Davis contends that Charissa has received medical care that is covered under the Plan and that claims for this care have been submitted to the Defendant. Davis asserts that Defendant has failed to pay or deny benefits relating to these claims since July 2004. The Complaint seeks a declaration that the Plan covers the treatment rendered to Charissa and judgment against Defendant "for all expenses of Charissa's medical treatment." Complaint, Prayer for Relief, ¶ 2. Plaintiff attached a copy of the Plan as Exhibit A to the Complaint. From a review of the Plan

documents, it appears to fall under ERISA, a fact which Plaintiff does not contest. See 29 U.S.C. § 1002(1)(A) (defining "employee welfare benefit plan").

Defendant now asks the Court to dismiss Plaintiff's Complaint, arguing that it fails to state a claim and, alternatively, that any claim that is stated is preempted by ERISA. The Court turns its attention first to Defendant's preemption argument. ERISA "comprehensively regulates, among other things, employee welfare benefit plans that, 'through the purchase of insurance or otherwise,' provide medical . . . care." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 44 (1987). It is well-established that ERISA completely preempts state-law causes of action that fall within its scope. Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004). ERISA expressly provides for civil actions by a participant or beneficiary to recover benefits due under an ERISA plan and to clarify rights to future benefits. 29 U.S.C. § 1132(a)(1)(B). The instant Complaint seeks relief within the scope of ERISA, and Plaintiff's state law claim is preempted by ERISA. Indeed, Plaintiff concedes that her claim is preempted by ERISA. This conclusion, however, does not mandate dismissal of the Complaint under Fed. R. Civ. P. 12(b)(6).

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (internal quotations and citation omitted).  The question in the instant case is whether relief is possible "based on any legal theory--ERISA included-- under any set of facts that could be established consistent with the allegations" of Davis' Complaint. McDonald v. Household Int'l, Inc., 425 F.3d 424, 428 (7th Cir. 2005).  The Federal Rules of Civil Procedure establish a notice pleading standard, not a fact pleading one. Id. at 427. Federal Rule of Civil Procedure 8(a) requires a complaint to contain only "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  The Seventh Circuit has repeatedly held that pleaders are not obligated to plead legal theories. See McDonald, 425 F.3d at 427 (citing cases).

As set forth above, ERISA expressly provides for civil actions by a participant or beneficiary to recover benefits due under an ERISA plan and to clarify rights to future benefits. 29 U.S.C. § 1132(a)(1)(B). Davis alleges

4

that Defendant was obligated to pay for medical treatment for her daughter Charissa, that Charissa has received medical care that is covered under the Plan, and that Defendant has failed to pay or deny benefits relating to these claims. Therefore, the allegations of the Complaint, if true, could entitle Davis to relief under ERISA, and the Motion to Dismiss is denied.

THEREFORE, for the reasons set forth above, Plaintiff states a claim, and Defendant's Rule 12(b)(6) Motion to Dismiss (d/e 2) is DENIED. However, the Court notes that Plaintiff expressed a desire to file an amended complaint pursuant to Fed. R. Civ. P. 15(a). The Court recognizes that a properly framed complaint would promote efficiency throughout the course of this proceeding. Therefore, rather than directing Defendant to answer the pending Complaint, Plaintiff is directed to file an amended complaint on or before November 3, 2006. Defendant is directed to respond to the amended complaint by November 27, 2006.

IT IS THEREFORE SO ORDERED.

ENTER: October 19, 2006.

       FOR THE COURT:

                                s/ Jeanne E. Scott
                                JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE